JOHN W. WORK & wife & another *vs.* THE MERCHANTS' AND FARMERS' MUTUAL FIRE INSURANCE COMPANY.

On a policy of insurance issued to "A. & Co.," a recovery cannot be had by A. and B., tenants in common of the property insured, although B. is heir at law of the other partner in the firm of "A. & Co.," who was dead at the issuing of the policy.

THIS was an action on a policy of insurance by the defendants, from the 1st of June, 1848, to the 1st of June, 1853, upon certain buildings which were burned on the 28th of April, 1851. The application for insurance was made in the name of J. E. P. Austin and company, and the policy was issued to that firm. On the 20th October, 1849, said Austin conveyed his interest in the real estate insured to John Austin, one of the plaintiffs; and on the 4th of April, 1851, assigned to John Austin his interest in the policy, to which the company gave an assent indorsed upon the policy. At the trial in the court of common pleas before *Hoar*, J. said Austin testified : " I made the application and signed the note in the name of J. E. P. Austin and company. The firm of J. E. P. Austin and company consisted of myself and L. French. Mr. French died in 1846, and I was the surviving partner. I saw Mr. Putnam, agent of the defendant company, and I think I told him who the owners were. I told him that Mr. French and I owned it together; that he was dead, and that I got it insured for the benefit of the company, as there were debts unpaid. I should think I then told him who owned the property as I understood it; that it belonged to French and me, and now he was dead, to me as surviving partner, until the

272 WORCESTER.

Work & wife & another *v.* Merchants' and Farmers' Mutual Fire Ins. Co.

debts were paid. I think I spoke of Mr. and Mrs. Work. I told him I got it insured for the benefit of the firm, and when the debts were paid I told him that French's share would go to his heirs, and that it was willed to Mrs. Work. I cannot say Work ever authorized me to get it insured for him, or in his name or his wife's. I think he spoke to me one day about getting insurance, or said he thought it was best to have it insured. I think he looked at this policy once after it was made. When this policy was made, I was in partnership with Work, under the name of Austin & Work."

It was agreed that at the time the policy issued, Mrs. Work was the owner of an undivided half of the premises, the other being owned by J. E. P. Austin.

The presiding judge, upon this evidence, ruled that the action could not be maintained in the name of these plaintiffs, and a verdict was taken for the defendants. To this ruling the plaintiffs excepted.

*R. Newton & N. Wood,* for the plaintiffs. There can be no pretence of fraud in the representation made, and on which this policy is based. The testimony of the witness must be taken as true ; he stated truly the owners of the estate and for whom the insurance was effected.

The defendants are estopped from denying John Austin's right to join as plaintiff in this action, by their assent to his becoming a joint-owner in the policy, as he was in the property insured. The insurance company knew, by the description of the owners, as used, that others besides J. E. P. Austin were intended to be insured; but, as it was not material to the risk, they waived a more particular description, or, perhaps doubting, from the facts, as stated by the witness, in whom the title was, they intended to use such terms as would surely comprehend all. *Strong* v. *Manufacturers' Insurance Company,* 10 Pick. 40; *Curry* v. *Commonwealth Insurance Company,* 10 Pick. 535; *Pacific Ins. Co.* v. *Catlett,* 1 Wend. 75.

The word " Co." had some meaning attached to it, which was understood by the parties at the time of the insurance. It was like a policy insuring " the owner," or " whom it may concern," both of which are common, and under which

the owners may prove their interest and who were intended to be insured. *Burrows* v. *Turner*, 24 Wend. 276 ; 3 Kent Com. 372; *Locke* v. *North American Insurance Company*, 13 Mass. 61 ; *Catlett* v. *Pacific Ins. Co.* 1 Wend. 561.

It is submitted that the specifications of defence do not raise the question as to Austin's authority to effect the insurance for Work and wife. If such question is raised, it should have been submitted to the jury upon the testimony, as a fact. *Barlow* v. *Leckie*, 4 J. B. Moore, 8 ; *Townsend* v. *Freewill Baptist Society*, 6 Cush. 279 ; *Christian Society in Plymouth* v. *Macomber*, 3 Met. 235. J. E. P. Austin was authorized by his relation to the property to insure the whole. It was partnership property, and the company knew it. Any doubt on this subject should have been left to the jury. *Hooper* v. *Lusby*, 4 Campb. 66.

The question, whether Work did not ratify the insurance effected by Austin, should have been submitted to the jury, because a ratification is equivalent to a previous authority. 2 Phil. on Ins. *c.* 22, p. 557. ·

*G. F. Hoar & F. Wayland, Jr.* for the defendants.

METCALF, J.* When this policy was made, the insured premises were the property of J. E. P. Austin and Mrs. Work, as tenants in common. But the premises were represented, in the application for insurance, and they were insured, as the property of J. E. P. Austin and company, though there was at that time no such firm, the partnership having been dissolved by the death of French, the only other partner. If, then, any one's property was legally insured, it was the property of J. E. P. Austin, which was only an undivided moiety of the premises insured. It does not appear, nor is it a legal presumption, that those premises were partnership property, or that J. E. P. Austin had, as surviving partner or otherwise, any lien on his deceased partner's moiety, or any insurable interest in it.

There has been no assignment of the policy to Mrs. Work; and as French, her father, had no interest in it, she cannot have

---

* THOMAS, J. did not sit in this case.

any, as his heir. J. E. P. Austin's interest in it has been as-signed to John Austin, one of the plaintiffs. Whatever his legal rights may be, under the assignment, Work and wife, the other plaintiffs, have no interest in the policy.

We cannot give any effect to the testimony of J. E. P. Austin, as to his informing the defendants' agent respecting the legal ownership of the property insured, and the purpose for which insurance was sought. The legal effect of the written policy is to be ascertained only from its terms. All previous oral statements or engagements must be disregarded. *Lowell* v. *Middlesex Mutual Fire Ins. Co.* 8 Cush. 127. And by the terms of the policy, the property of J. E. P. Austin and company, and no other, was insured by the defendants.

Assuming, (without expressing an opinion,) that J. E. P. Austin's moiety was legally insured, and that John Austin has acquired, by the assignment, a right to maintain an action on the policy, yet he must sue alone. The misjoinder of Work and wife, as coplaintiffs with him, prevents a recovery in this action. *Exceptions overruled.*